TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

MIDDLESEX , ss
[seal]

No. 04-3058

Rose Favard , Plaintiff(s)

v.

Life Care Centers of America, Inc.
d/b/a Life Care Center , Defendant(s)
of Stoneham

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Cameron C. Pease, Esquire plaintiff's attorney, whose address is 160 Gould Street, Needham, MA 02494 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Cambridge, Middlesex County either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Cambridge the 3rd day of August, in the year of our Lord 2004.

*Edward J Sullivan*
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

MIDDLESEX SUPERIOR COURT
C.A. NO.

04-3058

ROSE FAVARD,
   Plaintiff

v.

LIFE CARE CENTERS OF AMERICA, INC.
D/B/A LIFE CARE CENTER OF STONEHAM,
   Defendant

## VERIFIED COMPLAINT

### PARTIES

1. The Plaintiff Rose Favard ("Favard") is an adult resident of the Commonwealth of Massachusetts, residing at 40 Boston Street, Malden, Middlesex County, Massachusetts 02460.

2. The Defendant Life Care Centers of America, Inc., upon information and belief, is a Tennessee corporation doing business in the Commonwealth of Massachusetts as Life Care Center of Stoneham at 25 Woodland Road, Stoneham, Massachusetts, with a principal place of business at 3001 Keith Street NW, Cleveland, Tennessee 37320, and a resident agent at CT Corporation System, 101 Federal Street, Boston, Massachusetts 02110 ("Life Care Center").

### FACTS

3. On or about August 8, 1998, Favard was hired by Life Care Center as a Certified Nursing Assistant.

1

4. On or about June 20, 2003, Favard sustained a serious back injury on the job when she prevented an elderly resident from falling. While catching the elderly resident, Favard severely twisted her side and back resulting in an extremely painful thoracic and lumbar strain. A copy of an Employee Incident/Accident Report referencing Favard's injury is attached hereto as Exhibit "1".

5. This accident was witnessed by several employees, including Favard's supervisor, Mel Thomson, who called an ambulance to transport Favard to the Lawrence Memorial Hospital. However, upon information and belief, Sharon Turcotte ("Turcotte") of Life Care Center cancelled the ambulance.

6. Because Favard was in severe pain, she arranged for her own transportation to the Lawrence Memorial Hospital emergency room for evaluation. While waiting in the emergency room, Turcotte, upon information and belief, called the Hospital and made the outlandish assertion that Favard was not injured.

7. After being evaluated, Favard was discharged from the hospital, but as the excruciating pain continued and failed to subside, Favard subsequently saw her primary care physician, Dr. David Barron, M.D.

8. After the visit, it was apparent that Favard could not return to work and Favard was given a note which provided that "Favard may not return to work at this time. After a return clinic appointment on 6/30/03 a more definite date for return can be made." ("Doctor's Note"). A copy of the Doctor's Note is attached hereto as Exhibit "2".

9. The Doctor's Note was delivered by Favard's husband to the Life Care Center.

10. On June 30, 2003, Favard returned to Dr. Barron's office, and after determining that

2

Favard was still in a great deal of pain, Dr. Barron wrote Favard a doctor's note that stated that "She may return to work when feeling better in 8 days." ("**Second Doctor's Note**"). A copy of the Second Doctor's Note is attached hereto as Exhibit "3".

11. The Second Doctor's Note was also delivered by Favard's husband to the Life Care Center.

12. In fact, Favard's back pain continued to escalate, and she sought treatment at Cordima Chiropractic ("**Cordima**") on July 7, 2003. Cordima diagnosed Favard with post traumatic thoracic and lumbar spinal strain and opined that Favard was totally incapacitated at that time and could not return to work. ("**Third Doctor's Note**"). A copy of the Third Doctor's Note is attached hereto as Exhibit "4".

13. A copy of the Third Doctor's Note was also delivered by Favard's husband to the Life Care Center.

14. Despite the Doctor's Note, the Second Doctor's Note, and the Third's Doctor's Note, and without receiving a reasonable accommodation to recover from her severe back injury, Favard received correspondence from the Life Care Center dated July 8, 2003 terminating her employment because she did not return to work ("**Termination Letter**"). A copy of the Termination Letter is attached hereto as Exhibit "5".

15. In fact, Life Care Center failed to administer progressive discipline, which Favard nevertheless denies was warranted, in the form of a first written warning, a second written warning, and a suspension without pay before termination, pursuant to Life Care Center's Employment Guidelines Handbook.

16. As a result of Life Care Center's failure to offer Favard a reasonable accommodation to

3

recover from her work-related back injury, which amount to unlawful handicap discrimination, Favard has incurred extensive damages, and incurred great expenses, including but not limited to lost past wages, lost future wages, lost earning capacity, emotional distress, court costs, attorney's fees, and interest.

## COUNT I – VIOLATION OF G.L. c. 152B

17. Favard repeats and realleges paragraphs 1-16 above and incorporates the same by reference as if full set out herein.

18. Life Care Center has violated G.L. c. 152B because:
    a. Favard is a qualified handicapped individual pursuant to G.L. c. 152, Sec. 75B(1) because Favard sustained a work-related back injury and would have been capable to performing the essential functions of her job with a reasonable accommodation;
    b. Favard needed a reasonable accommodation due to her handicap to perform her job;
    c. Life Care Center was aware of both the handicap and the need for a reasonable accommodation;
    d. Life Care Center was aware of a means to reasonably accommodate Favard's handicap; and
    e. Life Care Center failed to provide Favard with a reasonable accommodation and terminated her employment.

19. As a result of Life Care Center's unlawful handicap discrimination, Favard sustained damages as outlined above.

4

## VIOLATION OF COUNT II – G.L. c. 151B

20. Favard repeats and realleges paragraphs 1-19 above and incorporates the same by reference as if fully set out herein.

21. Pursuant to G.L. c. 152, Sec. 75B(1), Favard qualifies as a handicap person under the provisions of G.L. c. 151B.

22. Life Care Center has violated G.L. c. 151B, Sec. 4(16) because Life Care Center unlawfully discriminated against Favard as a result of her work-related injury and subsequent handicap as evidenced by:

   a. Life Care Center's failure to offer a reasonable accommodation to Favard to recover from her work-related injury;

   b. Life Care Center's failure to abide by its progressive discipline regulations outlined in Life Care Center's Employment Guidelines Handbook; and

   c. Life Care Center terminating Favard's employment.

23. As a result of Life Care Center's unlawful handicap discrimination, Favard sustained damages as outlined above.

## COUNT III - EMOTIONAL DISTRESS

24. Favard repeats and realleges paragraphs 1-23 above and incorporates the same by reference as if fully set out herein.

25. Life Care Center's conduct stated herein was extreme and outrageous beyond all possible bounds of decency and utterly intolerable in a civilized society.

5

26. Life Care Center intended to inflict severe emotional distress upon Favard, or knew or should have known that its actions or inactions would likely cause severe emotional distress to Favard.

27. Life Care Center's conduct stated herein was the cause of Favard's emotional distress.

28. Favard's emotional distress was severe and has caused her harm, including but not limited to sleeplessness, anxiety, and stress.

29. Favard has been damaged in an amount to be determined at trial.

WHEREFORE, Rose Favard demands judgment against the Defendant in an amount representing:

1. Favard's actual damages, plus attorney's fees pursuant to G.L. c. 152, Sec. 75B and G.L. c. 151B, costs, and interest;

2. The amount that reflects the value of the emotional distress suffered by Favard;

3. Multiple damages and/or punitive damages; and

4. Such further relief as the court deems just and equitable.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS THAT ARE TRIABLE BEFORE A JURY.

Rose Favard,
By her attorneys,

Howard S. Goldman
BBO#199030
Cameron C. Pease
BBO # 561906
Goldman & Pease
160 Gould Street
Needham, MA 02494
781-292-1080

6

## VERIFICATION

I, the undersigned, being first and duly sworn, on oath depose and say that I, Rose Favard, am familiar with the facts of this matter and as such I know the contents of said Complaint and can state that, as to all matters of fact therein stated, the same are true, and as to all matters therein stated on information and belief, I believe them to be true.

X *Rose O. Favard*
Rose Favard

\\SERVER\DATA\LUCAS\CLN_GN\Favard\Employment\complaint.doc

7

# EXHIBIT 1

P.01/07

JUL-08-2003 14:23   FLEET BANK CENTER STREET

# CONFIDENTIAL
## EMPLOYEE INCIDENT/ACCIDENT REPORT

FACILITY: Lifecare Center Stoneham   ADDRESS: 25 Woodland Rd - Stoneham MA

Employee Name, Title and/or Position: Rose Favard
Length of Time in Position: 5 yrs
Social Security #: 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

Date/Time of Occurrence: 6/20/03 - 6 PM
Specify Location/Site of Occurrence: In the hallway near the DR
Date Reported: 6/20/03

Describe the actual circumstances under which the incident/accident occurred:
Employee was taking a resident (Malcolm, Marguerite) to her room, when she saw the resident loss her balance & employee caught the falling resident. Employee twisted to the side in order to prevent the resident from falling. The kitchen aid helped employee & resident - both.

If anyone was injured, describe the nature of the injury: Twisted her side & back pain

Was there a witness to this incident/accident? Yes — Esperante (CNA) - Jewell (LPN) - Kitchen Aid - Visitor (Mammos) (Mancuso son)

First Aid Provided - include date, time, type of first aid and who administered:
VS = 130/80 - 80 - 18

COMPLETE THIS BLOCK ONLY IN THE EVENT OF AN EXPOSURE INCIDENT

Route(s) of exposure:
Source individual information: Identification known? ☐ No ☐ Yes  *Hospital no _____
If ID known, was written consent obtained for blood test? ☐ No ☐ Yes
If no, check one: ☐ Unwilling  ☐ Known to be infected with HBV or HIV  ☐ Other _____
If yes, results: _____
*Identify source individual hospital no. ONLY if permitted by state law.

**STOP** — Refer to instructions on stub to remove Part 1 (white copy). Submit Parts 2 and 3 to appropriate healthcare professional in the event medical services are necessary. Complete the remainder of part 1 for your facility's permanent record.

### FOLLOW-UP REPORT

Was employee sent to Physician? ☐ No ☐ Yes (If yes, complete the following) Name of physician _____
Initial visit ___/___/___   Was physician's report received? ☐ No ☐ Yes; date ___/___/___

Was time lost from work due to incident/accident?
☐ No  ☐ Yes (If yes, indicate no. of days and explain reason below)

Describe the employee's duties as they relate to the incident/accident. Were appropriate safety precautions (if applicable) being adhered to?

What specific act was responsible for this incident/accident?

What specific unsafe condition was responsible for this incident/accident?

Why does unsafe act/condition exist? (check one and explain below)
☐ Not applicable  ☐ Lack of knowledge/experience
☐ Improper attitude  ☐ Human limitation  ☐ Other

What do you suggest be done to prevent a similar incident/accident? (check one and explain below)
☐ Training  ☐ Instruction  ☐ Repair/eliminate
☐ Reprimand  ☐ Management recommendation

Corrective action taken: _____
Date _____

Signature and title of person completing report _____

Review _____
Date _____

Signature of administrator _____

INCIDENT/ACCIDENT REPORT

EXHIBIT "2"

JUL-08-2003 14:24    FLEET BANK CENTER STREET                           P.05/07

 **Cambridge Health Alliance**         1493 Cambridge Street - Cambridge, MA 02139 - 617.665.2300

Date _6/30/03_

To Whom It May Concern,

This letter is to certify that __Rose Favard__ was seen in the Primary Care Unit on __6/30/03__.

_____ He/She may return to work at this time.

✓ He/She may return to work when feeling better in __8__ hours/(days).

_____ He/She may return to work at this time with the following instructions:

_____ No heavy lifting, bending

_____ He/She may not return to work at this time. After a return clinic appointment on _____, a more definite date for return can be made.

Sincerely,

_[signature]_
Primary Care Physician

Cambridge Hospital Campus            Somerville Hospital Campus
                                     230 Highland Avenue - Somerville, MA 02143 - 617.591.4500

Affiliated with Harvard Medical School

# EXHIBIT "3"

P.04/07

JUL-08-2003  14:24        FLEET BANK CENTER STREET

 **Cambridge Health Alliance**    1493 Cambridge Street • Cambridge, MA 02139 • 617.665.2300

```
FAVARD,ROSE        F    HPHC
500503932 0000306622 02/24/50 53
HUBBARD,MARY           BARON,DAVID W MD
19 UPHAM ST APT #2
MALDEN, MA 02148  781-321-9260
SVC  06/23/03  PCU
```

To Whom It May Concern,

This letter is to certify that _____ was seen in the Primary

Care Unit on _____.

_____ He/She may return to work at this time.

_____ He/She may return to work when feeling better in _____ hours/days.

_____ He/She may return to work at this time with the following instructions:


_____ No heavy lifting, bending

__X__ He/She may not return to work at this time. After a return clinic

appointment on _6/30/03_ a more definite date for return can be made.

Sincerely,

*[signature]*

Primary Care Physician

Cambridge Hospital Campus                Somerville Hospital Campus
                                          230 Highland Avenue • Somerville, MA 02143 - 617.591.4500

Affiliated with Harvard Medical School

EXHIBIT "4"

JUL-08-2003 14:23   FLEET BANK CENTER STREET   C.H. Care Center   P.02/07

| PATIENT'S NAME (First) | (Last) | DATE OF INJURY/ILLNESS |
|---|---|---|
| Rose Fauard | | 6-20-03 |
| DIAGNOSIS | | |
| Post Traumatic Thoracic & Lumbar Spasm Strain | | |

**TO BE COMPLETED BY ATTENDING DOCTOR - PLEASE CHECK**

I saw and treated this patient on 7-7-03 and    CORDIMA CHIROPRACTIC CENTER

1 ☐  Recommend patient return to work with no limitations on _____ (Date)

2 ☐  Patient may return to work capable of performing the degree of work checked below with the following limitations

| DEGREE | LIMITATIONS |
|---|---|
| ☐ Sedentary Work. Lifting 10 pounds maximum and occasionally lifting and/or carrying such articles as dockets, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required only occasionally and other sedentary criteria are met. | 1 In an 8 hour work day patient may<br>a Stand/Walk<br>  ☐ None       ☐ 4-6 Hours<br>  ☐ 1-4 Hours  ☐ 6-8 Hours<br>b Sit<br>  ☐ 1-3 Hours  ☐ 3-5 Hours  ☐ 5-8 Hours<br>c Drive<br>  ☐ 1-3 Hours  ☐ 3-5 Hours  ☐ 5-8 Hours |
| ☐ Light Work. Lifting 20 pounds maximum with frequent lifting and/or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be only a negligible amount, a job is in this category when it requires walking or standing to a significant degree or when it involves sitting most of the time with a degree of pushing and pulling of arm and/or leg controls. | 2 Patient may use hands for repetitive<br>  ☐ Single Grasping    ☐ Pushing & Pulling<br>  ☐ Fine Manipulation |
| ☐ Medium Work. Lifting 50 pounds maximum with frequent lifting and/or carrying of objects weighing up to 25 pounds. | 3 Patient may use feet for repetitive movement as in operating foot controls   ☐ Yes   ☐ No |
| ☐ Heavy Work. Lifting 100 pounds maximum with frequent lifting and/or carrying of objects weighing up to 50 pounds. | 4 Patient is able to |
| ☐ Very Heavy Work. Lifting objects in excess of 100 pounds with frequent lifting and/or carrying of objects weighing 50 pounds or more. | |

|   | Frequently | Occasionally | Not at all |
|---|---|---|---|
| a Bend | ☐ | ☐ | ☐ |
| b Squat | ☐ | ☐ | ☐ |
| c Climb | ☐ | ☐ | ☐ |

OTHER INSTRUCTIONS AND/OR LIMITATIONS

3 ☐  These restrictions are in effect until _____ or until patient is re-evaluated on _____

☒  Patient is totally incapacitated at this time. Patient will be re-evaluated on 7-11-03

DR'S SIGNATURE: [signature]   DATE 7-7-03

**AUTHORIZATION TO RELEASE INFORMATION**

I hereby authorize my attending doctor to release any information or copies thereof acquired in the course of my examination or treatment for the injury identified above to my employer or his representative.

PT'S SIGNATURE: Rose D. Fauard   DATE 7-7-03

Chiropractic Research Foundation 1982

EXHIBIT "5"



25 Woodland Road / Stoneham, Massachusetts 02180-2705 / (781) 662-2545
FAX (781) 662-7775

Rose Favard
19 Upham Street
Malden, MA 02148

July 8, 2003

Dear Rose,

Thank you for your years of service to Life Care Center of Stoneham.
I have been advised by the Risk Management department at our Corporate
Head Quarters in Tennessee to write to you and provide you with this information
regarding your incident on June 20, 2003.

Mary Hubbard, Registered Nurse Practitioner and David Baron, M.D. have both certified
that you were able to return to work on Light duty. I offered you, in good faith, the
opportunity for light duty after each letter I received from them. Each time, you declined
to accept a light duty assignment. I have been advised that as a result of your non-
compliance with our standard of light duty, Life Care Center of Stoneham has no further
obligation to provide you with employment.

Sincerely,

Sharon Turcotte
Sharon Turcotte
PRESPONSE Coordinator

**Commonwealth of Massachusetts**
**County of Middlesex**
**The Superior Court**

CIVIL DOCKET# MICV2004-03058-B

RE: **Favard v Life Care Centers Of America, Inc. d/b/a Life Care Center Of**

TO: Cameron C Pease, Esquire
Goldman & Pease
160 Gould Street
Needham, MA 02494

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 11/01/2004 |
| Response to the complaint filed (also see MRCP 12) | 12/31/2004 |
| All motions under MRCP 12, 19, and 20 filed | 12/31/2004 |
| All motions under MRCP 15 filed | 12/31/2004 |
| All discovery requests and depositions completed | 05/30/2005 |
| All motions under MRCP 56 served and heard | 06/29/2005 |
| Final pre-trial conference held and firm trial date set | 07/29/2005 |
| Case disposed | 09/27/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session B sitting in Rm 11B (Cambridge) at Middlesex **Superior Court.**

Dated: 08/05/2004

Edward J. Sullivan
Clerk of the Courts

BY: William Smith
Assistant Clerk

Location: Rm 11B (Cambridge)
Telephone: 617-494-4010 EXT 4294

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtract_2.wpd 2602282 inidoc01 dipacee