UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

ROSE FAVARD,

                Plaintiff,

vs.

LIFE CARE CENTERS OF AMERICA, INC.,[1]

                Defendant.

Civil Action No. 04-cv-11893 NG

---

## ANSWER TO VERIFIED COMPLAINT

Defendant, Life Care Centers of America, Inc. ("Life Care"), hereby responds to Plaintiff's Verified Complaint ("Complaint") as follows:

### Parties

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint regarding Plaintiff's residence, but admits she is an adult.

2. Denies the allegations in paragraph 2 of the Complaint, but admits that Life Care is a Tennessee Corporation with a principal place of business at 3001 Keith Street NW, Cleveland, Tennessee 37312.

---

[1] Defendant has been improperly named in this case as "Life Care Centers of America, Inc. d/b/a Life Care Center of Stoneham." In fact, Stoneham Medical Investors LP, whose general and limited partners are a Tennessee corporation and a Tennessee resident, is the entity doing business as Life Care Center of Stoneham, which issues paychecks to the individuals employed at the Life Care Center of Stoneham.

## Facts

3. Admits that Plaintiff was hired to work as a Certified Nursing Assistant at the Life Care Center of Stoneham or on about August 8, 1998.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and states that Exhibit "1" is a document which speaks for itself.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint regarding observations of the alleged witnesses, and denies the remaining allegations in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint regarding the specifics of Plaintiff's visit to the hospital, and denies the remaining allegations in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint, but admits that it received a copy of Exhibit "2" and states that Exhibit "2" is a document which speaks for itself.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint regarding the delivery method of Exhibit "2", but admits that it received a copy of Exhibit "2."

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint, but admits that it received a copy of Exhibit "3" and states that Exhibit "3" is a document which speaks for itself.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint regarding the delivery method of Exhibit "3", but admits that it received a copy of Exhibit "3."

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint, but admits that it received a copy of Exhibit "4" and states that Exhibit "4" is a document which speaks for itself.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint regarding the delivery method of Exhibit "4", but admits that it received a copy of Exhibit "4."

14. Denies the allegations in paragraph 14 of the Complaint, but admits that it sent Exhibit "5" to Plaintiff and states that Exhibit "5" is a document which speaks for itself.

15. Denies the allegations in paragraph 15 of the Complaint.

16. Denies the allegations in paragraph 16 of the Complaint.

## Count I – Violation of G.L. c. 152B [sic]

17. Life Care restates its responses to paragraphs 1 through 16 of its answer and incorporates them herein by reference.

18. Denies the allegations in paragraph 18 of the Complaint.

    a. Denies the allegations in paragraph 18(a) of the Complaint.

    b. Denies the allegations in paragraph 18(b) of the Complaint.

    c. Denies the allegations in paragraph 18(c) of the Complaint.

    d. Denies the allegations in paragraph 18(d) of the Complaint.

    e. Denies the allegations in paragraph 18(e) of the Complaint.

19. Denies the allegations in paragraph 19 of the Complaint.

## Count II – Violation of G.L. c. 151B

20. Life Care restates its responses to paragraphs 1 through 19 of its answer and incorporates them herein by reference.

21. Denies the allegations in paragraph 21 of the Complaint

22. Denies the allegations in paragraph 22 of the Complaint.

    a. Denies the allegations in paragraph 22(a) of the Complaint.

    b. Denies the allegations in paragraph 22(b) of the Complaint.

    c. Denies the allegations in paragraph 22(c) of the Complaint.

23. Denies the allegations in paragraph 23 of the Complaint.

## Count III – Emotional Distress

24. Life Care restates its responses to paragraphs 1 through 23 of its answer and incorporates them herein by reference.

25. Denies the allegations in paragraph 25 of the Complaint

26. Denies the allegations in paragraph 26 of the Complaint.

27. Denies the allegations in paragraph 27 of the Complaint.

28. Denies the allegations in paragraph 28 of the Complaint.

29. Denies the allegations in paragraph 29 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by her failure to mitigate her alleged damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, unclean hands, and/or laches.

## FOURTH AFFIRMATIVE DEFENSE

Every action taken by Defendant with respect to Plaintiff was taken for a legitimate and non-discriminatory business purpose and was consistent with principles of law.

### FIFTH AFFIRMATIVE DEFENSE

At all times, Defendant made good faith efforts to comply with its obligations under the state and federal employment discrimination statutes.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of Massachusetts General Laws Chapters 151B and 152.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not a qualified individual with a handicap or disability.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant provided reasonable accommodations to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

WHEREFORE, Life Care respectfully requests that:

1. The Court dismiss the Complaint in its entirety;

2. The Court enter judgment for the Defendant;

3. The Court award costs to the Defendant; and

4. The Court enter such other relief as may be just and proper under the circumstances.

        Respectfully submitted,

        LIFE CARE CENTERS OF AMERICA, INC.

        By its attorneys,

        /s/ Christopher J. Campbell
        Andrew C. Pickett (BBO #549872)
        Christopher J. Campbell (BBO #630665)
        JACKSON LEWIS LLP
        75 Park Plaza
        Boston, Massachusetts  02116
        (617) 367-0025

Dated: September ___, 2004